IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Kaye Mcree, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:09-cv-03595-JOF |
| BB&T Corporation and : | |
| Hartford Life and Accident Ins. Co., : | |
| : | |
| Defendants. : | |

## OPINION & ORDER

This matter is before the court on Plaintiff's motion to dismiss Defendant BB&T Corporation ("Defendant BB&T") without prejudice [17].

Plaintiff Kaye Mcree filed a complaint against Defendants BB&T Corporation and Hartford Life and Accident Ins. Co. on December 21, 2009, alleging that Defendants were liable for failure to pay disability benefits under an insurance policy. Defendants filed an answer to Plaintiff's complaint on March 19, 2010 and subsequently filed an amended answer on April 9, 2010. The parties filed a preliminary report and discovery plan on April 19, 2010, and this court issued a scheduling order on April 23, 2010. Defendant Hartford Life and Accident Ins. Co. filed its initial disclosures on May 3, 2010. On May 4, 2010,

Plaintiff filed the instant notice of dismissal[1] of Defendant BB&T without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Neither Defendant has responded to Plaintiff's notice of dismissal, and the court deems it unopposed.

A plaintiff does not have an unfettered right to obtain a voluntary dismissal without prejudice. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).[2] Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "[a]n action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper." This rule exists primarily for the protection of the defendant, so the court must consider the prejudicial effect such a dismissal might have upon the defendant. *LeCompte*, 528 F.2d at 604. Without evidence that the defendant will suffer clear legal prejudice, "other than the mere prospect of a second lawsuit," a voluntary dismissal should be granted. *Id.*

Here, Plaintiff's notice of dismissal without prejudice is unopposed and no evidence has been presented that granting Plaintiff's motion would cause Defendant BB&T clear legal prejudice. Without such evidence, the court finds it appropriate to dismiss Defendant BB&T

---

[1] This court construes Plaintiff's notice of dismissal as a motion to dismiss, since neither of the two Defendants cannot be dismissed at this point without the court's approval. Fed. R. Civ. P. 41(a)(2).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

2

AO 72A
(Rev.8/82)

without prejudice. The court notes that Hartford Life and Accident Ins. Co. remains as a defendant.

The court GRANTS Plaintiff's voluntary motion to dismiss without prejudice [17]. The Clerk of the Court is DIRECTED to DISMISS Defendant BB&T WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 28th day of June 2010.

        /s   J. Owen Forrester
        J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)